IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**CARL D. D'AGNESE,**

                    **Petitioner,**

      v.                                        **CASE NO. 04-3448-RDR**

**UNITED STATES NAVAL CLEMENCY
AND PAROLE BOARD, et al.,**

                      **Respondents.**


**O R D E R**

Petitioner, a prisoner incarcerated in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record, the court finds this matter is ready for decision.

Petitioner was convicted by a general court-martial in July 1996 and was transferred to USDB for service of a twelve year sentence.[1] He was released on parole on April 4, 2001. On February 20, 2004, petitioner was arrested on a warrant issued a week earlier by the Navy Clemency and Parole Board (NCPB). Following a parole violation hearing on June 16, 2004, the hearing officer found petitioner had violated conditions of his parole and recommended revocation. In October 2004, the NCPB revoked petitioner's parole and awarded him street time credit from his release on parole in April 2001 through February 8, 2002, the date petitioner passed the

---

[1] The sentence imposed included twenty years of confinement. The convening authority suspended all confinement in excess of twelve years for a period of twelve years.

first of two bad checks to his local grocer.  The NCPB denied petitioner all street time credit after that date.

Petitioner now seeks relief on his claim that the NCPB arbitrarily and capriciously denied him credit for time spent on parole between February 8, 2002,[2] and his arrest and re-confinement on February 20, 2004.  Alternatively, petitioner claims that if a violation of his parole agreement is found for absconding as of October 16, 2003, he is entitled to street time between February 8, 2002, and October 15, 2003, as recommended by the Parole Violation Hearing Officer.

This court's review of petitioner's challenge to NCPB's denial of street credit is quite limited.  "Judicial review of Parole Board decisions is narrow.  The Commission's decision will stand unless it is arbitrary and capricious. It is not the function of courts to review the Board's discretion in denying parole or to repass on the credibility of reports received by the Board in making its determination.  A reviewing court must make some inquiry into the factual basis for the Commission's decision.  But the inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Peltier v. Booker, 348 F.3d 888, 892-93 (10th Cir. 2003)(quotations and citations omitted), *cert. denied*, 541 U.S. 1003 (2004).

In the present case, petitioner's parole agreement required in

---

[2]The street time period cited in petitioner's application dates from February 3, 2002.  Because the record documents that petitioner was awarded street time until February 8, 2002, the court uses the February 8 date in considering petitioner's claim.

part that petitioner conduct himself honorably, work diligently at a lawful occupation, and not violate the law. The agreement further provided that if parole were to be revoked or suspended, the time spent on parole might not diminish the length of his sentence of confinement.

At his revocation hearing, petitioner admitted to numerous alleged violations of the condition that he act honorably while on parole, dating back to petitioner's passing of worthless checks to a grocery on February 8 and 13, 2002.[3] Based on these self-admitted violations and petitioner's qualified response to other charged misconduct,[4] the Parole Violation Hearing Officer recommended revocation of petitioner's parole and the denial of street time from October 16, 2003, the date petitioner was charged with absconding from parole supervision. The NCPB adopted this recommendation, but denied street credit from February 8, 2002, the date of petitioner's first self-admitted violation.

The Certificate of Parole petitioner signed on April 3, 2001,

---

[3]The Violation Hearing Summary prepared by the Parole Hearing Officer also details one or more charges of failing to communicate with his parole officer, failing to submit timely and sufficient monthly reports, failing to satisfactorily perform community service or provide written proposal, passing bad checks, possessing another person's license plates, incurring debt that resulted in the repossession of a vehicle, failing to appear in court on charges related to his possession and display of license plates of another, submitting a bad check to register a vehicle, and absconding.

[4]*See* Violation Hearing Report, Doc. 12, Exh. A, pg. 26 ("[Parolee D'Agnese] personally admitted to violating 10 of 15 of the violations discussed during the hearing...[and] [c]oncerning the remaining five counts, Parolee D'Agnese so heavily quantified his denial as to infer partial admission of guilt.  Parolee D'Agnese contends he accepts responsibility for his actions.  However, his behavior does not reflect that he is willing to abide by the conditions of his parole agreement.  Revocation of parole is recommended, and it is not recommended that Parolee D'Agnese be reparoled.")

specifically provided that if petitioner's parole was revoked or suspended, the length of time petitioner was on parole "may not diminish" the length of his sentence to confinement.  *See* Certificate of Parole, p.2 (Answer and Return; Doc. 12, Exh. A, p. 9).  *See also* Department of Defense Instruction 1325.7, § 6.17.11.2 (if Clemency and Parole Board finds parolee was not in material compliance with conditions of parole, it may order forfeiture of time from date of such noncompliance to date of parolee's revocation or return to custody for service of military sentence)(Answer and Return; Doc. 12, Exh. B, pp. 26-27).

Although petitioner now highlights his denials as well as the reasons and mitigating circumstances he offered at the parole revocation hearing to rebut the charged violations, federal habeas review does not allow for de novo review to re-weigh this evidence or re-evaluate the credibility of witnesses or affiants.  Instead, the record is examined to determine only if a rational basis exists for NCPB's denial of street time.  This standard is fully satisfied in this case.

Petitioner's admission to numerous violations of the conditions of his parole clearly provides a reasonable and rational basis for NCPB's decision to deny petitioner street credit dating back to the first admitted misconduct occurring February 8, 2002.  *See* <u>Foster v. Tillery</u>, 996 F.Supp. 1316, 1319 (D.Kan. 1998)(where there have been sporadic periods of misconduct, Clemency and Parole Board may deny street time credit from date of first episode of misconduct).  To the extent petitioner contends that a finding of material noncompliance could not include violations that did not result in any criminal conviction in the civilian courts, it is well

4

recognized that the Constitution does not bar parole authorities from considering criminal acts in a number of circumstances where the parolee has not been convicted. *See e.g.* Campbell v. U.S. Parole Comm'n, 704 F.2d 106 (3d Cir. 1983)(revocation may be based on alleged offenses for which parolee is never tried).  *See also* Morrissey v. Brewer, 408 U.S. 471, 483 (1972)("Given the previous conviction and the proper imposition of conditions, the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole.").

Petitioner has not demonstrated that NCPB's actions were unreasonable and unsupported by the evidence.  The court thus rejects petitioner's claim that the NCPB exercised its discretion in an arbitrary and capricious manner in revoking petitioner's parole and denying street credit from February 8, 2002, and concludes petitioner is entitled to no federal habeas corpus relief. *See e.g.,* Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983)("clear showing of arbitrary and capricious action or an abuse of discretion" is required before courts can disturb parole board's decision).

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed and all relief is denied.  Petitioner's motion to expedite (Doc. 18) is denied as moot.

DATED:  This 23rd day of May 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge